IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| PATRICK DULEY, and<br>BONNIE DULEY,<br><br>   Plaintiffs,<br><br>v.<br><br>TYLER BENHAM, and<br>DICKMAN TRUCKING &<br>EXCAVATING, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)  Docket No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs state:

1. Plaintiff Patrick Duley is a citizen and resident of Seminole County, Florida.

2. Plaintiff Bonnie Duley is a citizen and resident of Seminole County, Florida.

3. Defendant Tyler Benham is a citizen and resident of Ripley County, Indiana, and may be served with process at 3305 North County Road, 150 E, Milan, Indiana 47031.

4. Defendant Dickman Trucking & Excavating, Inc. is an Indiana corporation, whose principal place of business is 21103 5 Point Road, Batesville, Indiana 47006, and who may be served with process through its registered agent Brianna Dickman, 21103 Five Point Road, Batesville, Indiana 47006.

5. On August 15, 2021, Defendant Tyler Benham was driving a tractor-trailer on Interstate 75 in Caryville, Campbell County, Tennessee.

6. At the same time, Plaintiff Patrick Duley was operating a vehicle on Interstate 75.

7. Plaintiff Bonnie Duley was a passenger in the vehicle operated by Plaintiff Patrick Duley.

8. Defendant Tyler Benham drove into the rear of the vehicle Plaintiff Patrick Duley was operating and in which Bonnie Duley was a passenger, causing a collision.

9. Defendant Tyler Benham is at fault for the collision.

10. Defendant Tyler Benham followed Plaintiff Patrick Duley's vehicle at an unsafe distance.

11. Defendant Tyler Benham failed to maintain a proper lookout.

12. Defendant Tyler Benham failed to pay proper attention.

13. Defendant Tyler Benham failed to keep the tractor-trailer he was operating under proper control.

14. Defendant Tyler Benham failed to use reasonable and due care in the operation of the tractor-trailer he was driving so as to avoid injury to other persons using the roadway, including Plaintiff Patrick Duley and Plaintiff Bonnie Duley.

15. Based on Defendant Tyler Benham's conduct described herein, Defendant Tyler Benham was negligent.

16. Defendant Tyler Benham violated Tenn. Code Ann. § 55-8-136 by failing to exercise due care to avoid colliding with the vehicle Plaintiff Patrick Duley was operating, by failing to maintain a safe lookout, by failing to keep the tractor-trailer he was driving under proper control, and by failing to devote full time and attention to operating the tractor-trailer he was driving, under the existing circumstances to avoid endangering life, limb or property.

17. Defendant Tyler Benham violated Tenn. Code Ann. § 55-8-124 by following more closely than was reasonable and prudent the vehicle that Plaintiff Patrick Duley was operating, given the speed of the vehicles and the traffic upon and conditions of the roadway.

18. Defendant Tyler Benham failed to obey Tennessee's statutory Rules of the Road applicable to the circumstances of the collision.

19. Based on Defendant Tyler Benham's conduct described herein, Defendant Tyler Benham was negligent *per se*.

20. At all times relevant to the matters alleged herein, Defendant Dickman Trucking & Excavating, Inc., was the owner of the tractor-trailer that Defendant Tyler Benham was operating at the time of the collision.

21. At all times relevant to the matters alleged herein, the tractor-trailer that Defendant Tyler Benham was operating at the time of the collision was registered in the name of Defendant Dickman Trucking & Excavating, Inc.

22. Plaintiff Patrick Duley and Plaintiff Bonnie Duley invoke the presumptions of Tenn. Code Ann. §§ 55-10-311 and 312.

23. At all times relevant to the matters alleged herein, Defendant Tyler Benham was driving the tractor-trailer with the permission of Defendant Dickman Trucking & Excavating, Inc.

24. At all times relevant to the matters alleged herein, Defendant Tyler Benham was an agent, employee, or both of Defendant Dickman Trucking & Excavating, Inc.

25. At all times relevant to the matters alleged herein, Defendant Tyler Benham was acting in the course and scope of his agency, employment, or both on behalf of Defendant Dickman Trucking & Excavating, Inc.

26. At all times relevant to the matters alleged herein, Defendant Dickman Trucking & Excavating, Inc. is vicariously responsible for the negligent acts, omissions, or both of Defendant Tyler Benham under the doctrine of *respondeat superior.*

27. Defendant Dickman Trucking & Excavating, Inc.'s negligent hiring, training, and/or supervision of Defendant Tyler Benham is a direct and proximate cause of the collision and Plaintiff Patrick Duley's and Plaintiff Bonnie Duley's injuries and damages.

28. Plaintiff Patrick Duley has suffered injuries as a direct and proximate result of the collision.

29. Plaintiff Patrick Duley has incurred medical bills and other expenses as a direct and proximate result of the collision.

30. Plaintiff Patrick Duley has endured physical pain and mental suffering as a direct and proximate result of the collision.

31. Plaintiff Patrick Duley has suffered loss of enjoyment of life as a direct and proximate result of the collision.

32. Plaintiff Patrick Duley has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of the collision.

33. Plaintiff Patrick Duley seeks to recover for all of his damages allowed under Tennessee law.

34. Plaintiff Bonnie Duley has suffered injuries as a direct and proximate result of the collision.

35. Plaintiff Bonnie Duley has incurred medical bills and other expenses as a direct and proximate result of the collision.

36. Plaintiff Bonnie Duley has endured physical pain and mental suffering as a direct and proximate result of the collision.

37. Plaintiff Bonnie Duley has suffered loss of enjoyment of life as a direct and proximate result of the collision.

38. Plaintiff Bonnie Duley has suffered lost wages, loss of earning capacity, or other out of pocket expenses, or some combination thereof, as a direct and proximate result of the collision.

39. Plaintiff Bonnie Duley seeks to recover for all of her damages allowed under Tennessee law.

WHEREFORE, Plaintiffs pray for the following relief:

1. Judgments for compensatory damages against Defendant Tyler Benham and Defendant Dickman Trucking & Excavating, Inc., jointly and severally, in an amount to be determined by the trier of fact, but in excess of $75,000;

2. An award of all discretionary costs and court costs; and

3. Such other and further relief as shall be deemed reasonable, just, and necessary.

Respectfully submitted,

_____
R. Burke Keaty, II, BPR#027342
**MORGAN & MORGAN – NASHVILLE, PLLC**
810 Broadway, Suite 105
Nashville, TN 37203
(615) 928-9891
bkeaty@forthepeople.com
*Attorney for Plaintiff*